BARBARA E. FIGARI (SBN 251942)
*Email: Barbara@figarilaw.com*
**THE FIGARI LAW FIRM**
117 E Colorado Boulevard, Suite 600
Pasadena, CA 91105
Telephone: (626) 486-2620
Facsimile:  (877) 459-3540

Attorneys for Plaintiff CAROL LOPEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLACK KNIGHT FINANCIAL SERVICES, INC., a Corporation, SERVICELINK NLS, LLC, a Limited Liability Corporation, and FIDELITY NATIONAL FINANCIAL, INC., a Corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**PLAINTIFF CAROL LOPEZ'S COMPLAINT FOR DAMAGES**<br><br>　**(1) VIOLATION OF THE DODD-FRANK ACT;**<br>　**(2) VIOLATION OF LABOR CODE SECTION 1102.5; and**<br>　**(3) VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et. seq.*<br><br>**JURY TRIAL DEMANDED** |

1

1    Plaintiff CAROL LOPEZ complains against BLACK KNIGHT FINANCIAL

2  SERVICES, INC., a Corporation, SERVICELINK NLS, LLC, a Limited Liability

3  Corporation, FIDELITY NATIONAL FINANCIAL, INC., a Corporation, inclusive, and

4  demands a trial by jury of all issues and causes of action alleged.

5                          **PARTIES AND JURISDICTION**

6    1.    At all pertinent times mentioned in this Complaint, Plaintiff CAROL

7  LOPEZ ("Plaintiff") was a resident of the State of California, in the County of Riverside.

8  Plaintiff worked for Defendants at their location in Orange County.

9    2.    Defendant BLACK KNIGHT FINANCIAL SERVICES, INC ("BLACK

10  KNIGHT") is a financial services company and the nation's leading provider of

11  integrated data, servicing and technology solutions to mortgage lenders.  BLACK

12  KNIGHT is a publicly traded company, which trades under the ticker symbol BKFS on

13  the New York Stock Exchange.  BLACK KNIGHT is incorporated under the laws of the

14  State of Delaware, and is headquartered in the State of Florida.  Thus, BLACK KNIGHT

15  is a citizen of the States of Delaware and Florida.

16    3.    Defendant SERVICELINK NLS, LLC ("SERVICELINK") is a subsidiary

17  of BLACK KNIGHT. SERVICELINK performs property valuations and settlement

18  services in all 50 states, plus the District of Columbia.  SERVICELINK is incorporated

19  under the laws of the State of Delaware, and is headquartered in the State of

20  Pennsylvania.  Thus, SERVICELINK is a citizen of the States of Delaware and

21  Pennsylvania.

22    4.    Defendant FIDELITY NATIONAL FINANCIAL, INC., ("Fidelity") is the

23  nation's largest provider of title insurance and related financial services, and is the parent

24  corporation of both BLACK KNIGHT and SERVICELINK.  FIDELITY is a publicly

25  traded company with the ticker symbol "FNFV" on the New York Stock Exchange.

26  FIDELITY is incorporated under the laws of the State of Illinois, and is headquartered in

27  the State of Florida.  Thus, FIDELITY is a citizen of the States of Illinois and Florida.

28

5.      Defendants BLACK KNIGHT, SERVICELINK, and FIDELITY shall hereinafter collectively be referred to as "Defendants."

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as Plaintiff is bringing this action pursuant to the Federal Dodd-Frank Act, 15 U.S.C. § 78u-6(h)(1)(A).

7.      Jurisdiction is further proper in this Court pursuant to 28 U.S.C. § 1332, in that Plaintiff is a citizen of the State of California, and complete diversity exists among Plaintiff and the Defendants in this action.

8.      At all times mentioned in the causes of action alleged in this Complaint, into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant.  In engaging in the conduct alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants.  All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

9.      Venue is proper in the Northern District because BLACK KNIGHT, SERVICE LINK, and FIDELITY each maintain an office within this jurisdiction.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

10.     Plaintiff Carol Lopez ("Plaintiff") was hired by SERVICELINK NLS, LLC (formerly LPS Management, LLC) as a title coordinator and assistant to the top producer at its office located in 5 Peters Canyon Road in Irvine, California, on August 26, 2010. In 2012, she was hired into the Recording and Auditing Department to handle the recording of out-of-state documents.

11.     Defendants instructed employees in the Record and Auditing Department to make corrections to notarized information although they were not notary. Plaintiff and Paula Brumfield approached their managers to ask them what the consequences were for

1   committing fraud if the Department of Insurance discovered that the original closing

2   documents were not actually recorded at the closing of escrow. Ms. Brumfield was told to

3   "shut up" if she wanted to keep her job. Management told Plaintiff to not worry and "just

4   do your job."

5       12.     After their complaint, Supervisor Angel Deleon and Manager Jason Young

6   began to treat Plaintiff differently from other employees. Plaintiff was being increasingly

7   left out of procedures and changes. She was never included in meetings despite her many

8   requests to be included.

9       13.     On September 18, 2013, Plaintiff called the ethics hotline number provided

10  in her employee handbook to report harassment and the fact that she was being asked to

11  take actions she felt were fraudulent.

12      14.     Following Plaintiff's report to the ethics hotline, Mr. Deleon and Mr.

13  Young's hostile attitude and treatment intensified. Their harassment caused Plaintiff to

14  develop stress and anxiety. She was unable to sleep, eat, and function normally as a result

15  of the stress. Her psychiatrist recommended that she take a leave of absence from work

16  because of the stress she was enduring after reporting and refusing to engage in the

17  fraudulent conduct.

18      15.     On October 9, 2013, Plaintiff began her FMLA leave due to stress caused

19  by retaliation towards her for reporting illegal, unethical, and fraudulent conduct by

20  Defendants. However, due to the delay in paperwork filed by Human Resources, she was

21  denied leave by FMLA in October 9, 2013 through October 17, 2013 and November 6,

22  2013 and November 17, 2013. Therefore, her FMLA and CFRA leave did not begin until

23  October 18, 2013 and would not become exhausted until January 15, 2014.

24      16.     During her leave of absence, Defendants told Plaintiff that she would be

25  terminated if she did not return to work by January 1, 2014.  Plaintiff responded that her

26  doctor has placed her on leave until February 23, 2014.

27      17.     On January 15, 2014, Defendants terminated Plaintiff's employment,

28  purportedly because she failed to return to work after her exhaustion of her FMLA

entitlement hours on January 9, 2014. Plaintiff believes Defendants' stated reason for Plaintiff's termination to be pretextual in nature, and a cover up for the real reason, which is retaliation for reporting illegal conduct. Moreover, according to a confirmation letter from FMLA, Plaintiff had until January 15, 2014, before her FMLA and CFRA was exhausted. In the "Notice to Employee of Change in Relationship" form, Defendants incorrectly stated that Plaintiff voluntarily quit.

18.     Paula Brumfield, the other employee who, along with Plaintiff, made complaints of fraudulent activity and refused to engage in illegal conduct, was also terminated from Defendants' employ.

## FIRST CAUSE OF ACTION

## VIOLATION OF ANTI-RETALIATION WHISTLEBLOWER PROVISIONS OF THE DODD-FRANK ACT

## AGAINST ALL DEFENDANTS

19.     Plaintiff incorporates all preceding paragraphs by reference, as though fully stated herein.

20.     The Federal Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank) directs that "no employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of" certain types of protected conduct. (15 U.S.C. § 78u-6(h)(1)(A)).

21.     An "employer" encompasses both entities, such as Defendants, and individuals, including Plaintiff's supervisors. Individual liability exists for violations of the Dodd-Frank anti-retaliation provisions. (*See, e.g., Wadler v. BioRad Laboratories, Inc.* 15-CV-02356-JCS (Oct. 23, 2015)). Accordingly, to the extend any of the DOE Defendants named herein are individuals, they are also personally liable for actions taken which violated the Dodd-Frank Act.

22.     The Dodd-Frank anti-retaliation provisions apply to individuals such as Plaintiffs, who make internal company reports of conduct which violates SEC

regulations, but do not contact the SEC directly. (15 U.S.C. section 78u-6(h)(1)(A)(iii); 17 C.F.R. section 240.21F-2(b)(1)).

23.     Plaintiff engaged in protected activity by making reports of what he reasonably believed to be illegal and fraudulent conduct to KOHL'S, through its agents and employees, during his employment.

24.     Plaintiff further engaged in protected activity by making external reports of what he reasonably believed to be illegal and fraudulent conduct to multiple Federal agencies, as described above.

25.     Defendants discharged Plaintiff's employment and further discriminated and retaliated against Plaintiff after he s made oral and/or written complaints regarding what he reasonably believed to be illegal or unlawful conduct in violation of Federal statutes, rules and regulations.

26.     Plaintiffs is informed and believed, and thereon alleges that because of his making complaints regarding illegal conduct to Defendants, Plaintiff suffered adverse employment actions, including but not limited to discipline, and ultimately, wrongful discharge from his employment.

27.     Plaintiff further continues to suffer post-termination retaliation from Defendants, in the form of poor references and black-listing from the aerospace industry.

28.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer pain and mental anguish and emotional distress.

29.     Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

30.     Defendants' actions constituted a willful violation of the above-mentioned federal laws and regulations.  As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of wages and is entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under state and/or federal law, in amounts according to proof at time of trial.

31.     The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

32.     Defendants, through its officers, managing agents, employees and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

33.     Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, in addition to any other remedies and damages allowable by law.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5 AGAINST ALL DEFENDANTS

34.     Plaintiff incorporates all preceding paragraphs by reference, as though fully stated herein.

35.     Labor Code section 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for making any oral or written complaint regarding what an employee reasonably believes to be unlawful or illegal conduct to a governmental agency or to their employer.

36.     Defendants discharged Plaintiff's employment and further discriminated and retaliated against Plaintiff after Plaintiff made oral and/or written complaints regarding what she reasonably believed to be illegal or unlawful conduct in violation of state and federal statutes, rules and regulations.  Plaintiff made these complaints to her employer, by and through its agents and employees.

7

37.     Plaintiff is informed and believed, and thereon alleges that because of her making complaints regarding illegal conduct to Defendants, her employers, and to a governmental agency, Plaintiff was discharged from her employment and/or otherwise discriminated or retaliated against by Defendants after she had made complaints about illegal conduct.

38.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer pain and mental anguish and emotional distress.

39.     Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

40.     Defendants' actions constituted a willful violation of the above-mentioned federal laws and regulations.  As a direct result, Plaintiff has suffered and continues to suffer substantial losses related to the loss of wages and is entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under state and/or federal law, in amounts according to proof at time of trial.

41.     The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

42.     Defendants, through its officers, managing agents, employees and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

43.     Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, in addition to any other remedies and damages allowable by law.

44.     As a proximate result of the actions and conduct described in the paragraphs above, which constitute violations of Labor Code section 1102.5, Plaintiff has been damaged in an amount according to proof at the time of trial.

45.     WHEREFORE, Plaintiff prays for relief as stated in pertinent part hereinafter.

### THIRD CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*

### AGAINST ALL DEFENDANTS

46.     Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

47.     The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.  Cal. Bus. & Prof. Code § 17200.

48.     Defendants' conduct, as alleged above constitutes unlawful, unfair and/or fraudulent business practices for the reasons set forth below, without limitation, violation of the California Labor Code and violations of the California Government Code.

49.     Pursuant to California Business and Professions Code § 17203, Plaintiff seeks declaratory and injunctive relief for Defendant's unlawful, unfair and fraudulent conduct and to recover restitution.

50.     Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

### PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1.     Compensatory damages, including economic and non-economic damages included but not limited to emotional distress damages and lost wages and benefits, in a sum according to proof;

9

2.      Punitive damages, in a sum according to proof;

3.      Interest on judgment, including but not limited to prejudgment and post-judgment interest, at the legal rate, pursuant to the Civil Code;

4.      Recovery of all reasonable attorneys' fees, expert witness fees, litigation expenses and costs incurred, pursuant to Section 1021.5 of the Code of Civil Procedure, and Section 12965 of the Government Code.

5.      An injunction: (1) ordering Defendants to cease and desist from engaging in fraudulent conduct, including but not limited to changing already notarized documents; (2) ordering Defendants to provide mandatory and meaningful training to employees regarding compliance with all securities regulations; and (3) ordering Defendants to reinstate Plaintiff with full compensation for the wages, benefits promotions she has lost.

6.      For such other and further relief as the court may deem proper.

Respectfully submitted,

DATED: January 14, 2017        **THE FIGARI LAW FIRM**

/s/ Barbara E. Figari

_____

BARBARA E. FIGARI, ESQ.

## DEMAND FOR JURY TRIAL

Plaintiff Carol Lopez herewith demands a jury trial in this action.

Respectfully submitted,

DATED: January 14, 2017        **THE FIGARI LAW FIRM**

/s/ Barbara E. Figari

_____

BARBARA E. FIGARI, ESQ.